**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 21-18-DLB-CJS

SCOTT HILL, et al.,                                                                                  PLAINTIFFS

v.                            **MEMORANDUM OPINION AND ORDER**

MARC G. TISCHBEIN, et al.,                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendants Rankin and Tischbein's Motion to Dismiss, (Doc. # 17), and Defendant Sherry and Reimer Law Co's separate Motion to Dismiss (Doc. # 18).[1] The motions have been fully briefed. (Docs. # 20, 21, 22, 23).[2] Accordingly, this matter is now ripe for the Court's review. For the reasons stated herein, Defendants' Motions to Dismiss are **granted.**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

At the heart of this matter is a property dispute between neighbors. In 2018, Tischbein and Rankin filed a complaint against Scott and Lorrie Hill ("Plaintiffs") in Kenton Circuit Court seeking (1) a declaration of their alleged adverse possessory right and title to a garage located at 109 Shelby ("Main House Garage"); (2) their alleged easement rights to a driveway leading to the Main House Garage and a gate through which that

---

[1]    Since Defendant Sherry and Reimer Law's Motion to Dismiss, (Doc. # 18), relies entirely on Tischbein and Rankin's motion, (Doc. # 17), the Court will only reference that document.

[2]    Plaintiffs' arguments are substantially similar in both their Responses. *Compare* (Doc. # 20) *with* (Doc. # 21). Likewise, Defendants Reimer Law and Sherry incorporate all of Defendant Rankin and Tischbein's Reply into their own, while only pointing out one procedural argument raised by Plaintiffs as erroneous. (Doc. # 23 at 1).

1

driveway can be accessed; and (3) a determination of quiet title and rights in the same. *See generally Tischbein et al. v. Hill et al.*, No. 18-CI-1603 (Kenton Cir. Ct.); (Doc. # 1-2 at 13). The Hills responded alleging that they have ownership of an encroaching portion of the Main House Garage by adverse possession, and that they are entitled to a determination of quiet title and rights in the same. (Doc. # 1 ¶ 12). On April 6, 2020, the state court granted partial summary judgment to Tischbein and Rankin because it found they have "at a minimum, an irrevocable license of which the Hills are barred from revoking by equitable principles." (Docs. # 1 ¶ 14 and 1-2 at 24). The court ordered that "Marc Tischbein and Peggy Rankin shall have immediate possession of the Main House garage in the same condition . . . as well as unobstructed access to it through the gate and driveway in the same manner." (Doc. # 1-2 at 28).

The Hills were then granted leave to amend and filed a Second Amended Answer and Counterclaim, adding counterclaims for slander of title and abuse of process. (Doc. # 1 ¶ 16). After the court's order, the Hills sought emergency relief from the Kentucky Court of Appeals, which was denied. (*Id.* ¶¶ 17-18). On April 16, 2020, the Hills filed a motion to vacate, which the Kenton Circuit Court denied. *Tischbein.*, No. 18-CI-1603, Order Denying Motion to Vacate at 1. The court ordered that if the Hills' "mailbox in any way obstructs use of the area previously used by Tischbein and Rankin for additional parking, that too shall be moved." *Id.* at 4. Afterwards, Tischbein and Rankin hired Defendant Sherry, an employee of Defendant Reimer Law, to file an affidavit with the Kenton County real estate records office recording their alleged irrevocable license. (Doc. # 1 ¶¶ 24-26). Plaintiffs herein allege that Sherry's affidavit slandered their title. (*Id.* ¶¶ 28, 44-62). Plaintiffs further allege that Defendants Tischbein and Rankin have exceeded

2

the scope of the immediate possession to which they were entitled by parking vehicles on the driveway and entering upon other portions of the Hills' property. (*Id.* ¶¶ 32-34). Plaintiffs additionally allege that Defendants Tischbein and Rankin have interfered with the Hills' personal property by intermeddling with their mailbox and postal matter. (*Id.* ¶¶ 39-42). In all, Plaintiffs allege one count of slander of title, one count of trespass to real property, one count of trespass to chattels, and one count of a violation of KRS 514.140, while also requesting injunctive relief from the affidavit and trespass to property. (*Id.* ¶¶ 44-104 *et seq.*). Plaintiffs bring their claims under this Court's diversity jurisdiction per 28 U.S.C. § 1332(a)(1) asserting that the amount in controversy exceeds $75,000 and that Defendants are residents of Kentucky while Plaintiffs are residents of Connecticut. (*Id.* ¶¶ 1-10).

## II.     ANALYSIS

### A.     Standard of Review

Granting a motion to dismiss is appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to have "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) (quoting *Twombly*, 550 U.S. at 556).

In evaluating a motion to dismiss, a court should only consider the complaint and attached exhibits, items in the record, and "exhibits attached to defendant's motion to

dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court should "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570). However, "mere conclusory statements do not suffice" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 678-79.

      **B.**    **Abstention Doctrine**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976). The doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). The abstention doctrine requires courts to undergo a two-step inquiry: (1) analyzing whether the federal and state court proceedings are parallel and (2) weighing the factors in *Colorado River* to determine if abstention is appropriate. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998); *see also Colorado River*, 424 U.S. at 818-19.

      **1.**    **Parallel State Court Proceeding**

The threshold question in *Colorado River* abstention analysis is whether there are parallel proceedings in state court. *Crawley v. Hamilton Cnty. Comm'rs,* 744 F.2d 28, 31 (6th Cir. 1984). To be "parallel" the proceedings must be "substantially similar." *Romine,* 160 F.3d at 337 (citations omitted). Such a finding does not require that the parties or the claims are identical. *See Heitmanis v. Austin,* 899 F.2d 521, 528

4

(6th Cir. 1990). However, "cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action." *Kopacz v. Hopkinsville Surface and Storm Water Util.,* 714 F. Supp. 2d 682, 686 (W.D. Ky. 2010) (citing *E. On U.S. Serv., Inc. v. QSC Painting, Inc.,* No. 08-54-JBC, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008); *PNC Bank, Nat'l. Ass'n. v. Person,* No. 06-292-C, 2007 WL 1423744 (W.D. Ky. May 8, 2007)). *See also Wright v. Linebarger Googan Blair & Sampson, LLP,* 782 F. Supp. 2d 593, 603–04 (W.D. Tenn. 2011). "'The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it *currently* exists, *is* a parallel state-court proceeding.'" *Kopacz,* 714 F. Supp. 2d at 686–87 (quoting *PNC Bank,* 2007 WL 1423744) (citing *Baskin v. Bath Twp. Bd. of Zoning Appeals,* 15 F.3d 569, 572 (6th Cir. 1994)). If "the parties are substantially similar" and the "claims . . . are predicated on the same allegations as to the same material facts . . . the actions must be considered parallel for the purposes of the *Colorado River* abstention doctrine." *Romine*, 160 F.3d at 340.

Here, the state court proceeding is both parallel and *directly* related to the matter before this Court. First, the parties listed in the state court action are inconsequentially different from the parties to this action. The state court action names Scott Hill, Lorrie Hill, Marc Tischbein, and Peggy Rankin as parties. (Doc. # 1-2 at 3). Those are the same parties to this matter except for Defendants Sherry and Reimer Law. However, the only reason both Sherry and Reimer Law are named in this matter is a result of the actions taken by them on behalf of Tischbein and Rankin in the state court proceeding. Plaintiffs allege Defendant Sherry recorded an affidavit stating that Tischbein and Rankin had been adjudged by the state court to have an irrevocable license. (Docs. # 1 ¶¶ 23-26 and 1-2

5

at 2). Likewise, Reimer Law is simply Sherry's employer. (Doc. # 1 ¶ 26). Even though the parties do not have to be identical for actions to be parallel, the parties to this action are substantially similar to the state court action. *See Heitmanis*, 899 F.2d at 528; *Romine*, 160 F.3d at 340 ("If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties.").

Plaintiffs attempt to focus the Complaint on "conduct occurring after June 1, 2020," and disclaiming that, "nothing in this complaint seeks to adjudicate property rights relating to the ownership of the Main House Garage, the driveway, or the gate." (Doc. # 1 ¶ 20). While Plaintiffs do not ask this Court to adjudicate their property rights, those rights are central to their claims. For example, Plaintiffs allege that Sherry's filing of an affidavit based on the state court order granting Tischbein and Rankin an irrevocable license slandered their title, but if the state court determines Plaintiffs do not have an interest in the property, then there is no title to slander. (*Id.* ¶¶ 16, 28). Additionally, the state court has the Hills' similar slander of title claim before it. (Doc. # 1 ¶ 16); *Tischbein.*, No. 18-CI-1603, Second Amended Answer and Counterclaim with Jury Demand at 4.

Plaintiffs allege that Tischbein and Rankin trespassed on their real and personal property, but if Defendants had a license or an even greater interest in the Main House Garage, driveway, and gate, then there is no actual trespass. (Doc. # 1 ¶¶ 30-43). The state court has even already addressed the issue of Plaintiffs' mailbox and Tischbein and Rankin's use of the driveway for additional parking. *Tischbein.*, No. 18-CI-1603, Order Denying Motion to Vacate at 4. Accordingly, if the parallel state court matter is resolved, then there may be nothing left for this court to adjudicate because the same material facts

6

and allegations are present in both actions. *See Kopacz*, 714 F. Supp. 2d at 686; *Romine*, 160 F.3d at 340.

### 2. Colorado River Factors

Having determined that the two concurrent actions in state and federal court are parallel, the Court must then weigh various factors that "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)) (cleaned up). The district court should consider the following factors: (1) whether the state court has assumed jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340-41 (citing *Colorado River*, 424 U.S. at 818-19; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21-28 (1983); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665 (1978)).

"These factors, however, do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a give[n] case' depending on the particular facts at hand." *Romine*, 160 F.3d at 341 (quoting *Moses H. Cone*, 460 U.S. at 15-16) (alterations added). The balance should be "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. If a factor is inapposite to the instant matter, then that factor weighs *against* abstention. *See Romine*,

160 F.3d at 341 (noting that the first factor is inapposite because no property is at issue and thus weighs against abstention).

The first factor weighs in favor of abstention. The state court has assumed jurisdiction over the disputed 109 Shelby property by hearing claims about its ownership. (Doc. # 1-2 at 4). Additionally, that court has decided, in an extensive order, that Tischbein and Rankin have, "at a minimum, an irrevocable license of which the Hills are barred from revoking by equitable principles. In finding this, however, the court is not precluding Tischbein and Rankin from continuing to pursue their adverse possession and easement claims." *Id.* at 22. The state court has not only partially decided issues of property ownership but also continues to consider the parties' property interests.

The second factor, the convenience of the federal forum, weighs against abstention. The state and federal courthouses are both in the same city: Covington, Kentucky. *Romine*, 160 F.3d at 341 ("[T]he federal forum in this case is [not] any less convenient than the state forum, since both actions are pending in courthouses in the same city.").

The third factor weighs in favor of abstention: the desirability of avoiding piecemeal litigation. In *Colorado River*, the paramount consideration was "the danger of piecemeal litigation." *Moses H. Cone*, 460 U.S. at 19. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. The resolution of the state court matter also resolves the issues in the matter before this Court. *Id.* (noting that the "threat of piecemeal results is . . . especially high" since the resolution of the state and federal actions depended on the same issues); *see supra*, Section II.A.1; *Shehan v. Turner*

8

*Constr. Co.,* No. CV 18-14-DLB-CJS, 2019 WL 1320046, at *13 (E.D. Ky. Mar. 22, 2019) (finding that this factor weighs in favor of abstention when there "is considerable overlap of the factual allegations . . . ."). This Court should not waste its resources deciding the same issues that are before the state court.

Likewise, the fourth factor favors this Court's abstention. The proceedings in state court have been ongoing since 2018 whereas the Complaint in this case was filed in 2021. (Docs. # 1 at 1 and 1-2 at 13). This factor weighs in favor of abstention.

The fifth factor considers the source of governing law. Notably, this factor is less significant when the state and federal courts have concurrent jurisdiction. *Bates v. Ban Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004). Plaintiffs bring their slander of title and trespass claims under diversity jurisdiction. (Doc. # 1 ¶¶ 5-10, 44-104). Therefore, the source of law is state law, and this factor weighs in favor of abstention.

The sixth factor examines the adequacy of the state court action to protect the federal plaintiff's rights. Since none of Plaintiffs' claims arise under federal law, it is difficult to envision how the state court could not protect or adjudicate the parties' rights. *Sizemore v. Nationstar Mortg., LLC,* No. 6:15-CV-100-DLB, 2016 WL 4718151, at *5 (E.D. Ky. June 27, 2016)*, report and recommendation adopted,* No. 6:15-CV-100-DLB, 2016 WL 4703863 (E.D. Ky. Sept. 7, 2016) (finding that a plaintiff's rights could be adequately protected in state court when the plaintiff's claims wholly sound in state law and are most properly litigated as compulsory counterclaims in that forum). Thus, the sixth factor weighs in favor of abstention.

The seventh factor considers the relative progress of the state and federal proceedings. Again, the state court action spans over three years, whereas this action

was initiated earlier this year. (Docs. # 1 and 1-2 at 13); *Sizemore*, 2016 WL 4718151, at *5 (finding that because the state action was pending for two years before the filing of the federal action, this factor weighed in favor of abstention); *Bates*, 122 F. App'x at 807 (noting that the fact the federal suit was filed two years after the state suit weighed in favor of abstention).

Furthermore, this Court has only filed one order, which granted a proposed agreed order for Defendants to have additional time to file their Answer. (Doc. # 14). On the other hand, the state court has "gone to great length to closely read and consider the extensive record, including each deposition." (Doc. # 1-2 at 21). Based on Plaintiffs' Complaint and attached exhibit, the state court has overruled a motion for summary judgment by the Hills and sustained partial summary judgment in favor of Tischbein and Rankin regarding the property rights in dispute. (*Id.* at 28). The state court action has even reached the Kentucky Court of Appeals, (Doc. # 1 ¶¶ 17-18), while this Court has only reached the motion to dismiss stage, (Docs. # 17, 18, 20, 21, 22, and 23). *Bates*, 122 F. App'x at 807 (considering the fact that the state court action had already reached appellate review in abstention analysis). Because the state court has handled this matter for a much longer amount of time and in a more substantive manner, this factor weighs in favor of abstention. *Romine*, 160 F.3d at 341-42 (noting that a state court proceeding progressing considerably further than a federal action is a "fact which weighs strongly in favor of deferring to the former.").

The eighth and final factor simply asks whether the federal and state court have concurrent jurisdiction. This Court has concurrent jurisdiction through its exercise of diversity jurisdiction. (Doc. # 1 ¶¶ 5-9); 28 U.S.C. § 1332(a)(1). Because concurrent

jurisdiction exists, this factor weighs in favor of abstention. *Woody's Rest., LLC v. Travelers Cas. Ins. Co. of Am.*, 980 F. Supp. 2d 785, 789 (E.D. Ky. 2013) (citing *Blake v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013)) ("Indeed, the fact that there is concurrent jurisdiction between the state and federal courts evinces a policy favoring abstention.").

In having collectively considered the weight of the *Colorado River* factors, this Court will abstain from hearing this matter, and **dismiss this matter without prejudice**.

### III. CONCLUSION

In view of the concurrent state court proceedings related to this matter,

**IT IS ORDERED** as follows:

(1)   Defendants' Motions to Dismiss (Docs. # 17 and 18) are **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**; and

(2)   This matter is **STRICKEN** from the active docket.

This 24th day of November, 2021.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Cov2021\21-18 Order Granting MTD.docx